FILED
2007 AUG 20 P 4:49
DISTRICT COURT
HARTFORD CT

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EMMA JONES, as Adminstratrix of the Estate of MALIK JONES | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:99 CV 00632 (AWT) |
| | : | |
| VS. | : | |
| | : | AUGUST 20, 2007 |
| TOWN OF EAST HAVEN, et. al. | : | |
| | : | |
| | | Defendants : |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR RECONSIDERFATION**

## I. INTRODUCTION.

The Defendant Town of East Haven ("Town") has filed a Motion for Consideration of the Court's July 6, 2007 Ruling on Pending Motions, which ruling upheld the jury's finding against the Town on the Plaintiff's Monell claim and its granting of the Plaintiff's motion for a hearing on compensatory damages. The Town objects to the Court's post trial rulings on the Monell count and the Court's decision to order a trial on the issue of damages. For the brief reasons sated herein, the Plaintiff objects to the position taken by the Town on these two issues, and generally directs the Court to her post trial filings.

First and foremost, it is obvious that the Court has taken a great deal of time and conducted an extensive amount of research in reaching its conclusions in this highly visible case. As of this writing, the Defendant has filed a Notice of Appeal and Civil Appeal Pre-Argument Statement, so it appears that this case will be heard in the Second Circuit, depending upon the Court's ruling on this pending motion. We address the issues raised by the Defendant's Motion for Reconsideration in a brief fashion for the reason that our position was stated in detail in the post trial filings.

## II. ARGUMENT.

### A. The Court Properly Denied Defendant's Motion for Judgment as a Matter of Law.

The Defendant claims that there was insufficient evidence as a matter of law to support the jury's verdict against it on the Monell count, and that the Court should reconsider its decision in denying its post trial Motion for Judgment as a Matter of Law. The Defendant correctly cites to the six areas of testimony that the Court cited to as supporting the jury's verdict, i.e., 1) the Shane Gray incident, 2) the comments to Donald Jackman, 3) the T-shirt incident, 4) the Jones shooting, 5) Patricia Snowden's 1998 arrest, and 6) the Patricia Snowden 2000 arrest. The Defendant then eliminates all but the Gray incident through incorrect reasoning, and then makes a bootstrap argument that the jury's verdict on the Monell count was support only by "a single episode – Shane Gray." (Def. Mem. p. 9.)

The Defendant incorrectly argues that because the Court found that neither the Jackman or the T-shirt incident infringed upon the constitutional

rights of African Americans, these incidents cannot be considered in support of the jury's verdict. That is incorrect. As the Court reasoned regarding the T-shirt incident, Chief Criscuolo agreed that the T-shirts worn by members of his department were racially offensive. Despite the attention the T-shirts brought upon the Department which even lead to meeting of the police Commissioners, which was attended by citizens from New Haven and the media, Chief Cricuolo failed to do anything to stop this racially offensive practice. This failure to do anything more than just issue a meaningless memorandum can be considered as evidence of a municipality tolerating discriminatory behavior of its police officers, to the extent that they would believe it was permissible to violate the rights of people of color, as specifically alleged in paragraphs 41 and 44 of the Third Amended Complaint. See Fiaco v. City of Rensselaer, et. al., 783 F.2d 319 (2d Cir. 1986.

The same holds true of the Jackman incident. The jury could reasonably have credited Jackman's testimony that he was told that he was lucky he was not a "nigger because you'd be fucking dead" and in three days "you will be in Whalley being butt fucked by the niggers." This statement according to Jackman was made in the presence of a sergeant and other officers. Again, this incident reflects a department in which officers felt it was permissible to engage in discriminatory conduct with impunity.

The Defendant in its most transparent argument attempts to discredit the testimony of Patricia Snowden. That is not the issue before the Court at this stage, i.e., judging the credibility of witnesses. That was the

function of the jury, which obviously credited the testimony of Ms. Snowden. What is most troubling about the Defendant's argument in this regard is how the Town cavalierly dismisses her testimony as "at times incredible and at times blatantly false." (Def. Mem. at p. 7.) Then the Defendant uses as an example her testimony of being beaten and dragged. As the Court points out, Lt. DaCosta on direct examination testified in perhaps a slip of the tongue that he "pulled" Ms. Snowden by the legs into the station. On cross examination, when confronted with his own words, he initially denied making that statement, until having his own statement read back. Clearly, the jury could reasonably and likely did conclude that he dragged Ms. Snowden into the station as she testified. This incident, although after the Jones shooting[1] demonstrates a department which believes it was permissible to violate the constitutional rights of people of color.

As to the 1998 arrest, the jury could reasonably conclude that she was being followed as she believed because she was African American. This testimony was not in a vacuum. There was testimony regarding the racial make-up of the Town, and that what we described as a "border patrol" that operated to stop people of color from entering the Town from New Haven, where Ms. Snowden resided.

The Defendant fails also to accept that the Jones shooting itself can serve as evidence of a practice of violating the rights of people of color. Bordanaro, et. al. v. McLeod, et. al., 871 F.2d 1151 (1st Cir. 1989) The Court

[1] We do not address the pre/post incident issue, as it does not appear to be central to the Defendant's motion. Additionally, the Court's reasoning on this issue is clearly supported by the case law.

also referenced the post shooting conduct wherein at least two officers of the Town according to evidence offered by the Plaintiff used excessive force on the fatally wounded Malik Jones.

Finally, the evidence presented in the Shane Gray shooting was particularly strong in demonstrating the existence not only of a "border patrol", but also, of a department that failed pathetically to investigate conduct of excessive force against a person of color by the very officer involved in this case. Such an investigation at the very least if done properly would have concluded that the department's procedures for handling arrests of suspect in New Haven, whose crime took place in New Haven was not followed.

Each of these incidents could and were considered by the jury in reaching its verdict. Accordingly, the Court's refusal to grant the Defendant's motion, as it details at great length, was correct.

**B. The Court Properly Granted Plaintiff's Motion for a Hearing in Damages.**

As we argued in our post trial brief, where liability has been established and the damages are more than nominal, the plaintiff is entitled to a new trial on the issue of damages only if the jury has not awarded any. Wheatley v. Beetar, 637 F. 2d 863 (2d Cir. 1980) In this case, based upon the jury's responses to the Verdict Form and questions posed by the Court following the verdict, the jury clearly found that Officer Floodquist had used excessive force against Jones, and that he suffered injury as a result. The cases relied upon by the Defendant are cases in which there could have been an explainable reason for the

unconstitutional conduct not being the cause of any injury of consequence. (See Amato v. City of Saratoga Springs, 179 F.3d 311 (2nd Cir. 1999), and a recent decision by this District Court, Carey v. Maloney, et. al., 480 F. Supp. 2nd 548, decided 3/30/07.) The key distinction in these cases is that there is a plausible explanation for the jury not awarding damages. And, where that does occur, the jury must award nominal damages.

In this case, the jury by its response to Part VIII.A. of the verdict form expressly stated that the Plaintiff proved that Jones sustained injury or damages as a result of the wrongful conduct of Floodquist. That injury or damage could be nothing other than his death. The plaintiff offered evidence in this regard, as noted by the Court, which would require the awarding of damages, no matter the amount, so long as it were fair just and reasonable. The fact that it did not award nominal damages serves only to underscore this argument.

The Defendant makes much of the side bar, in which the undersigned in response to a question by the Court that the jury could have found no proven compensatory damages. However, in another statement, the undersigned referenced a case in which the state court addressed that very issue, except with pain and suffering where the jury awarded no compensatory award. That reference was to a different issue. This was not a waiver of Plaintiff's right to argue that the jury was incorrect in awarding zero dollars for compensable damages.

The answer as to whether the jury may award zero dollars in compensatory damages is "no". We did not despite Defendant's claims to the contrary accept that as true. Nor did we purposely allow the jury's verdict to stand in order to gain some advantage. We agree with the Court that we did not waive any right to address the jury's failure to award compensatory damages as it must.

## III. CONCLUSION.

For the foregoing reasons, we respectfully request that the Defendant's motion be denied.

PLAINTIFF

By________________________
Joseph A. Moniz (ct04316)
Moniz & Associates
100 Allyn Street
Hartford, CT 06103
Tel. (860) 278-0200
His Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this date to:

Hugh F. Keefe, Esq.
Nicole M. Fournier, Esq.
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

________________________
Joseph A. Moniz